## MORMILE v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10496. Decided Feb. 10, 1930

E. S. Crudele, Cleveland, for Mormile.
Fred W. Garmone, for city.

VICKERY, PJ.

Two errors are urged why this judgment should be reversed, one of which is not of much importance but in a measure it is connected with the second. The first is that the court was prejudiced and for that reason the party did not have a fair trial. Well, there was no effort made to obtain a change of venue nor for the calling of a jury, which would have eliminated the so-called prejudice of the court, and we do not think there is any error in that even though a Judge may have a strong antipathy against a person driving an automobile while he is intoxicated. I admit that I myself have a strong prejudice against such actions, and I think that one of the most serious offenses a man can commit is to drive an automobile while intoxicated. He is in effect a potential murderer and I do not blame a trial judge for having prejudice upon that proposition, but aside from any prejudice a judge might have, the accused is en-titled to an unbiased judgment of the court and a fair trial, and the question is, did he have it in this case.

The other question closely allied to this is that the verdict is not sustained by sufficient evidence. We learn from the record that an accident occurred in which two or three cars were involved and that the defendant below, the plaintiff in error here, was involved in that accident and, in fact, was injured in the accident in being crowded up against the steering wheel.

The evidence of intoxication is exceedingly slight in this case. The defendant below on the witness stand admitted that he had one glass of wine (I believe he was of Italian extraction) with his dinner or lunch on West 65th Street and Detroit Avenue; that he then drove his car across the high level bridge through the traffic in the square and drove out beyond East 73rd Street on Turney Road where the accident took place.

The testimony of the policeman is to the effect that plaintiff in error acted as if he were intoxicated, that he smelled liquor upon his breath. Well, smelling liquor on one's breath does not necessarily prove that one is intoxicated, and the manner in which this man was crowded up against the steering wheel and seriously injured might account for his condition in not seeming to be very alert when he was questioned.

We have read the testimony of the witnesses in this case and we do not think that there is enough testimony in this record to show that this man was intoxicated. There is no evidence to show that he drank more than one glass of wine, and we do not think that a glass of wine would be sufficient to intoxicate a man, especially one who was in the habit of using wine daily. We think the evidence is so uncertain that it falls far short of that required upon which to convict a man of a criminal offense. The court was evidently severe in this case by fining this man two hundred dollars and imposing a sentence of six months in the workhouse. We do not know how severe the accident was nor who was to blame for it, but we do know from this record that apparently either the prejudice of the court or the condition of the defendant below resulted in a conviction of this man which is not warranted by the evidence.

We, therefore, feel that the judgment of the court is erroneous and the judgment must be reversed, and inasmuch as there is not sufficient evidence in the record to warrant his conviction, we think the defendant ought to be discharged, and the judgment of this court is that the verdict and judgment thereon be reversed and the plaintiff in error discharged.

Sullivan and Levinne, JJ., concur.